UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
          - v. -                                     :    CONSENT PRELIMINARY ORDER
                                                           OF FORFEITURE AS TO SPECIFIC
:    PROPERTY/
MANISHKUMAR PATEL,                   MONEY JUDGMENT
:
         Defendant.                          S1 23 Cr. 543 (LGS)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

            WHEREAS, on or about April 26, 2024, MANISHKUMAR PATEL (the "Defendant"), was charged in a Superseding Information, S1 23 Cr. 543 (LGS) (the "Information"), with conspiracy to commit health care fraud, wire fraud, and to violate the anti-kickback statute, in violation of Title 18, United States Code, Section 371 (Count One);

            WHEREAS, the Information included a forfeiture allegation as to the health care fraud and anti-kickback statutes offenses in Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Count One of the Information, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses charged in Count One of the Information;

            WHEREAS, on or about April 26, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), a sum of money equal to $6,839,900 in United States currency, representing proceeds traceable to the commission of the offenses charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $6,839,900 in United States currency, representing the amount of proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property, seized on or about October 31, 2023 from an address in Pelham, New York:

    a.   $369,997.25 in United States currency; and

    b.   £4,650 in Great British Pounds;

(a. and b., collectively, the "Specific Property"), which constitutes proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Edward Y. Kim, Acting United States Attorney, Assistant United States Attorney Kevin Mead, of counsel, and the Defendant and his counsel, Frederick Lawrence Sosinsky, Esq., that:

1.      As a result of the offenses charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $6,839,900 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offenses charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant MANISHKUMAR PATEL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By:   /s/ Kevin Mead                                    12/19/2024
      KEVIN MEAD                                        DATE
      Assistant United States Attorney
      26 Federal Plaza
      New York, NY 10278
      (212) 637-2211

MANISHKUMAR PATEL

By:   _____                  05/06/2025
      MANISHKUMAR PATEL                                 DATE

By:   _____                  5/6/25
      FREDERICK LAWRENCE SOSINSKY, ESQ.                 DATE
      Attorney for Defendant
      45 Broadway Suite 3010
      New York, NY 10006

SO ORDERED:

_____                         5/6/2025
HONORABLE LORNA G. SCHOFIELD                            DATE
UNITED STATES DISTRICT JUDGE