UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                   :
UNITED STATES OF AMERICA
                                                                   :   **PRELIMINARY**
           - v. -                                                      **ORDER OF FORFEITURE**
                                                                   :   **AS TO SUBSTITUTE ASSETS**
MANISHKUMAR PATEL,
                                                                   :   S1 23 Cr. 543 (LGS)
           Defendant.
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about April 26, 2024, MANISHKUMAR PATEL (the "Defendant"), was charged in a Superseding Information, S1 23 Cr. 543 (LGS) (the "Information"), with conspiracy to commit health care fraud, wire fraud, and to violate the anti-kickback statute, in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, on or about April 26, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to the health care fraud and anti-kickback statute offenses in Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(7), a sum of money equal to $6,839,900 in United States currency, representing the proceeds traceable to the commission of the offenses charged in the health care fraud and anti-kickback statute offenses in Count One of the Information;

WHEREAS, on or about May 6, 2025, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $6,839,900 (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained (D.E. 46);

WHEREAS, to date, $6,463,731.13 of the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, other than the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following substitute assets in which the Defendant has an ownership interest:

a. $43,049.75 in United States currency seized by the Government on or about October 31, 2023 from the Defendant's residence located on 483 Murray Street, Pelham, New York;

b. 1 Credit Suisse 1 oz fine gold bar seized by the Government on or about October 31, 2023 from the Defendant's residence located on 483 Murray Street, Pelham, New York; and

c. 1 PAMP gold bar seized by the Government on or about October 31, 2023 from the Defendant's residence located on 483 Murray Street, Pelham, New York

(a. through c., collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.    Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep them in its secure, custody and control.

3.    Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to <u>Federal Rule of Criminal Procedure 32.2(e)</u>.

The Clerk of the Court is directed to terminate the motion at docket number 60.

SO ORDERED.

Dated: January 30, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**